Reese, J.
delivered the opinion of the court.
It is well settled that to sustain a petition for a certiorari, a sal* isfactory reason must be given why the petitioner did not appeal. Is the statement, that at the time he was unable to give security, a legal and adequate reason ? It is contended on behalf of the plaintiff in error, not to be, because, first, the degree of effort or diligence used to obtain security is not stated. In applications for continuances, in motions for new trials and other like cases, a specific statement is often necessary to show the absence of laches and the use of diligence. But in this case it is necessary only to s.tate a sufficient reason for omitting to appeal. The party states that at the time he was unable to give security; if he had gone on to state that he used great pains to give the security and failed, it might have served to verify the statement, but it would not have changed the nature of the reason given for not appealing. It is said, further, that the causes producing this inability ought to have been stated, because if the inability to give security resulted from the poverty of the petitioner he might have appealed informa pauperis. But an affidavit before the magistrate that on account of his poverty he was unable to give the security, would not have entitled him to the appeal in forma pauperis; he must have sworn that owing to his poverty he was unable to bear the expenses of the suit. Moreover it merits a doubt whether the remedy by appeal is so to be favored, and that by certiorari so to be repelled as to require even in a case where a party could safely and conscientiously take the oath of a paup'er that he should do so nt the time of trial or lose his right to a certiorari. To sue in forma pauperis is itself an extraordinary mode, not to be resorted to if the parly can give the security required by law in general, or until he fully ascertains that he cannot. The only ground on which the extension of the jurisdiction of a justice of the peace has been sustained is that the party may appeal to court and have a jury trial. That jurisdiction has now been extended in this State to two hundred dollars in some cases, an amount rendering the giving of the security requir *34 ed by law not a little difficult in many instances. To hold that inability to give the security required at the trial constitutes no good ground for a certiorari would be to make the present extended jurisdiction of justices of the peace very seriously to impair the right of jury trial, and to weaken greatly the not very satisfactory reason by which such extension of jurisdiction has been uniformly vindicated. Upon the whole we affirm the judgment of the circuit court.